UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CR-52(01)RM |
| | ) | |
| CHARLES R. WRIGHT | ) | |

OPINION and ORDER

In a letter dated April 9, 2005, defendant Charles Wright says that after entering his guilty plea on January 25, he "decided to read the plea agreement in full [and] that's when [he] decide[d] [he] did not like the agreement at all." Mr. Wright claims his attorney didn't tell him that he could receive a sentence in excess of sixty months or that a five-year term of supervised release was required; he maintains he only learned of those facts when he read the plea agreement. Mr. Wright asks the court to allow him to withdraw his guilty plea and requests that his case "be returned" to state court so he can "get a reasonable bail and get a job and my own lawyer." Mr. Wright complains that he previously asked his attorney to withdraw his guilty plea, but his attorney never did so.

Once a defendant's guilty plea is accepted, he doesn't have an unlimited right to withdraw the plea; rather, the burden is on the defendant to show a "fair and just reason" for such withdrawal. FED. R. CRIM. P. 11(d)(1)(B); see also United States v. Shaker, 279 F.3d 494, 497 (7th Cir. 2002). Mr. Wright says he should be allowed to withdraw his plea because he signed his plea agreement without reading it and his attorney didn't review the terms of the agreement with him. At

his change of plea hearing, though, Mr. Wright, who was placed under oath and informed that his statements could later be used against him in a prosecution for perjury, was questioned on both those issues:

> THE COURT: Mr. Wright, it's my understanding that you want to plead guilty today with respect to Count 3 of the indictment as part of a written plea agreement. . . . Is that what you want to do?
> MR. WRIGHT: Yes.
> THE COURT: In order for you to do that, sir, we have to talk about rights that you have and the effect the proceedings are going to have on those rights. I'll be trying to explain those things and ask certain questions as we go along. It's very important that you understand the questions and explanations, so if at any point you don't understand what I'm saying or asking, please tell me, and I'll try and say it better, okay?
> MR. WRIGHT: Yes, sir.
> \*   \*   \*
> THE COURT: And, secondly, if you want time to gather your thoughts or to talk to Mr. Stevens before you answer, please tell me, and I'll be happy to give you that time, okay?
> MR. WRIGHT: Okay. Thank you.
> \*   \*   \*
> THE COURT: Mr. Wright, have you received a copy of the indictment in this case and gone over it with Mr. Stevens?
> MR. WRIGHT: Yes.
> THE COURT: Have you told Mr. Stevens everything he needs to know about the case in order to represent you here in court?
> MR. WRIGHT: Yes, I have.
> THE COURT: Are you satisfied with the job that he's done for you?
> MR. WRIGHT: Yes, sir.
> THE COURT: Now, I have here a document called "Petition to Enter a Guilty Plea." Do you have a copy of it there?
> MR. WRIGHT: Yes.
> THE COURT: On the last page of my copy, there are three signatures. The signature in the center is that of your attorney, Mr. Stevens. And the attorney's signature at the bottom is that of Mr. Schmid, the prosecutor handling the case. Is that your signature above Mr. Stevens' signature?
> MR. WRIGHT: Yes, sir.
> THE COURT: Did you read this before you signed it?

2

>    MR. WRIGHT: Yes, I did.

Mr. Wright stated, under oath, that he read his plea agreement and discussed its terms with his attorney prior to the change of plea hearing. His statements in that regard are presumed to be true. *See* United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002) ("representations made at a Rule 11 hearing are accorded a 'presumption of verity'").

Mr. Wright also asks to withdraw his plea based on his claim that his attorney didn't tell him he could receive a sentence in excess of sixty months or that a five-year term of supervised release was mandatory, but "defense counsel's inaccurate prediction of a potential sentence does not warrant the withdrawal of a guilty plea." United States v. Howard, 341 F.3d 620, 622 (7th Cir. 2003). As Federal Rule of Criminal Procedure 11 requires, Mr. Wright was informed during the change of plea colloquy of the maximum possible penalties he was facing by pleading guilty:

>    THE COURT: As I understand it, sir, you're aware that Congress has said that people who commit this crime have to be sent to prison for at least five years and could be sent to prison for as long as life imprisonment since no other maximum is stated in the statute; that they can also be fined as much as $250,000; that they have to pay a special assessment of $100; and they have to be placed on supervised release for five years, with supervised release being a situation in which the person has to follow certain rules that the court sets; and if he violates those rules he can be sent back into prison even though he had already served the original prison sentence. Is that how you understand that?
>    MR. WRIGHT: Yes, sir.
>                         \*   \*   \*
>    THE COURT: And, finally, as I understand it – well, finally, we've talked about a lot of things having to do with the possible

sentence. We've talked about the five-year sentence that the statute prescribes as a minimum and the fact that it could be as much as life imprisonment since there's no maximum. We've talked about the Sentencing Guidelines which are considered. They're not binding anymore, but they come into play in the sense that they are considered. We've talked about your looking over the Guidelines with Mr. Stevens. Other than what we've talked about today, has anybody made any other promises or predictions to you as to what sentence you're going to get in this case?
MR. WRIGHT: No, sir.

The record also shows that during the plea colloquy, counsel requested a short recess to review the sentencing possibilities related to Mr. Wright's violation of 18 U.S.C. § 924(c). Mr. Wright was present during the attorneys' off-the-record discussion. When the hearing was reconvened, the following exchange took place:

THE COURT: Are we all lined up on the same page?
MR. STEVENS: Yes.
MR. SCHMID: I think we did, Your Honor. We reviewed together [Sentencing Guideline section] 2K2.4(b) and went over it together, and I believe we are on the same page and with the understanding that it's both consistent with what the court has articulated and consistent with the expectations of the parties.
THE COURT: So, as I understand it, we agree that the statute would allow a sentence in excess of five years? Any way the Guidelines are looked at, they will call for a sentence of five years?
MR. STEVENS: Correct. Correct.
MR. SCHMID: Yes, Your Honor.
THE COURT: So, Mr. Wright, do you understand that as well?
MR. WRIGHT: Yes, sir.
THE COURT: If I were to impose a sentence in excess of five years, whatever else might be wrong with it, nobody could say it was more than the statute would allow, that the statute itself would allow a sentence of more than five years? Is that how you understand it?
MR. WRIGHT: Uh-huh. Okay. I'm understanding.

Mr. Wright can't claim legitimately that he was ignorant of the penalties he faced by pleading guilty. *See* <u>United States v. Dumes</u>, 313 F.3d 372, 382-383 (7th Cir.

2002) (defendant not permitted to withdraw plea based on purported misunderstanding over imposed sentence where he received proper Rule 11 warnings).

And while legal innocence is a justifiable reason for withdrawing a plea, <u>United States v. Hodges</u>, 259 F.3d 655, 661 (7th Cir. 2001), Mr. Wright hasn't asked to withdraw his plea on that ground. In fact, he admitted his guilt at the change of plea hearing:

> THE COURT: As I understand it, you want to plead guilty to Count 3 of the indictment, a charge of possessing a firearm in furtherance of a drug trafficking offense, and that you want to plead guilty to that charge because you think you are guilty of the charge.
> MR. WRIGHT: Yes, sir.
> THE COURT: Do I understand that right?
> MR. WRIGHT: Yes, sir.
> \* \* \*
> THE COURT: Mr. Wright, do you understand what has to be true for you to be guilty?
> MR. WRIGHT: Yes, sir.
> THE COURT: Do you still think you are guilty?
> MR. WRIGHT: Yes, sir.

Mr. Wright additionally testified that his decision to enter a change of plea was a voluntary one:

> THE COURT: Has anybody used any force or made any threats against you, Mr. Wright, to get you to plead guilty to this charge?
> MR. WRIGHT: No, sir.
> \* \* \*
> THE COURT: Do you understand that if you plead guilty and if I accept your guilty plea, there won't be a trial, not next Monday or any other time; instead, you will have waived or given up that right to a trial and all those rights that go along with a trial that I just described? Do you understand that?
> MR. WRIGHT: Yes, sir.
> THE COURT: Do you still want to plead guilty, sir?

>MR. WRIGHT: Yes, sir.
>THE COURT: Why do you want to plead guilty, Mr. Wright?
>MR. WRIGHT: Because I'm guilty of the crime that the prosecutor brung against me.

Mr. Wright hasn't claimed the change of plea hearing didn't comply with Federal Rule of Criminal Procedure 11, that the provisions of his plea agreement weren't adequately reviewed with, or explained to, him at the hearing, or that he didn't understand the guilty plea proceedings. His claim that he was "duped" by his attorney about the plea agreement and the motion to suppress alone does not entitle Mr. Wright to withdraw his plea.

Mr. Wright "must overcome the presumption of verity that attaches to [statements made at the Rule 11 colloquy]." United States v. Jones, 381 F.3d 615, 618 (7th Cir. 2004) (*quoting* United States v. Redig, 27 F.3d 277, 280 (7th Cir. 1994)). He hasn't done so. The change of plea colloquy undermines Mr. Wright's claims that he wasn't informed of the provisions of the plea agreement and that he wasn't aware of the possible penalties. *See* United States v. Stewart, 198 F.3d 984, 987 (7th Cir.1999) ("A defendant's protestation that statements freely made under oath when entering the plea were a pack of lies is not a 'fair and just reason' to start anew."). Mr. Wright's claim that after entering a guilty plea he decided he didn't "like the agreement at all" is insufficient to justify setting aside his plea. His request to set aside his guilty plea [docket # 35] is DENIED, and the sentencing hearing in this cause remains scheduled for April 26, 2005 at 1:00 p.m. (South Bend time).

SO ORDERED.

ENTERED:   April 19, 2005

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   C. Wright
      W. Stevens
      D. Schmid